# Heyer Brothers *v.* Bromberg Brothers.

*Bill in Equity by Creditors, to set aside Sale of Goods as Fraudulent, or enforce it as General Assignment.*

1. *Filing bill in double aspect.*—A bill in equity by creditors who had consented to an extension of their debts, seeking, in one aspect, to set aside as void a sale and conveyance of his goods by the debtor to a creditor who had agreed, if the others would consent to the extension as proposed, that his debt should be postponed until the others were paid, or, in the alternative, to have the conveyance declared and enforced as a general assignment, enuring to the equal benefit of all the creditors under the statute (Code, § 2126), asks measures of relief which are inconsistent and incompatible, and is demurrable on that account.

2. *Agreement among creditors, as to postponement and extension of debts.*—A proposal by one of the creditors of an embarrassed debtor, to forbear the assertion and collection of his claim until the claims of the other creditors have been satisfied, on the condition and consideration that they would all consent to an extension as asked by the debtor, does not become binding as a contract until accepted by all of the other creditors.

3. *Same; partial acceptance, and waiver.*—If such proposal is accepted by only a portion of the creditors, and acceptance by the others is waived by the creditor making it, the accepting creditors, seeking redress for a subsequent breach of the agreement on his part, must allege such partial acceptance and waiver.

4. *Same; remedy for breach.*—As to the proper remedy for the breach of such an agreement, after acceptance, *quære.* "Probably, an action at law, founded on the agreement as inducement, would be the remedy; or, to avoid multiplicity of suits, possibly a bill in equity would lie."

5. *Fraudulent sale of goods; general assignment.*—A sale of his entire stock of goods by an embarrassed or insolvent debtor to one of his creditors, in satisfaction of a debt admitted to be valid, is not fraudulent as against other creditors, when there is no secret trust or reservation of a benefit to the debtor; nor can such a conveyance be declared and enforced as a general assignment at the instance of the other creditors.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 31st May, 1879, by Heyer Brothers, a mercantile firm doing business in Boston, who sued "in behalf of themselves and such other creditors standing in the same position as complainants, who desire to make themselves parties complainants to this bill, and assume their proportion of the costs of the litigation;" against Bromberg Brothers, a partnership doing business in the city of Mobile, and against Frederick Bromberg, who was the father of the two persons composing that firm. The material allegations of

the bill, and the prayer for relief, are copied in the opinion of the court. The chancellor dismissed the bill, on final hearing on pleadings and proof; and his decree is here assigned as error.

MACARTNEY & CLARKE, and OVERALL & BESTOR, for appellants.—On the facts alleged and admitted, or established by the evidence, a court of equity will hold F. Bromberg liable as a trustee of the property conveyed to him, for the benefit of the complainants and other creditors, whose debts were extended on the faith of the agreement into which they were induced to enter by his representations—2 Story's Equity, § 1195, 12th ed.; *Boyles v. Payson*, 5 Allen, Mass. 473. The creditors who assented to the proposed arrangement represented debts amounting to near $50,000, while the four who refused to accept it held less than $1,200, and their debts were paid and satisfied without objection. F. Bromberg and the assenting creditors had signed the agreement; the new notes had been delivered and accepted; the business progressed under the settlement for more than two years, and sixty per cent. of the new notes had been paid as agreed; and before the maturity of the next installment, the repeal of the bankrupt law having left these creditors remediless, the debtors make a collusive sale of their entire stock of goods, in violation of this express agreement, to the creditor who had promised to wait until the others were paid in full, leaving themselves wholly insolvent. A court of equity will not sanction such a transaction, but will grant the appropriate relief under the general prayer.

HAMILTONS, and F. G. BROMBERG, *contra.*—(1.) The bill was wanting in equity, and was properly dismissed for that reason. The allegations of fraud are insufficient.—*Crawford v. Kirksey*, 55 Ala. 282; *Flewellen v. Crane*, 58 Ala. 627; 3 Ala. 318, 377; 56 Ala. 439, 544. Leaving out the allegations of fraud, the *gravamen* of the bill is an alleged breach of contract on the part of F. Bromberg, for which, if true, complainants have an adequate remedy at law.—1 Porter, 273; 24 Ala. 441; 8 Ala. 743; 34 Ala. 643; 54 Ala. 486. (2.) The bill is filed in the alternative, and its two or more aspects are inconsistent and repugnant.—*Micou v. Ashurst*, 55 Ala. 607; *Gordon's Adm'r v. Ross*, 63 Ala. 366; *Lehman v. Meyer*, 67 Ala. 396; *Moog v. Talcott*, 72 Ala. 210; Story's Eq. Pl. § 530; 1 Dan. Ch. Pr. 335; *Field v. Helms*, 70 Ala. 460. An amended bill is merely a continuation of the original bill, and it can not introduce new matter, varying the relief prayed, or the right in which it is claimed.—54 Ala. 35, 358; 48 Ala. 382; 56 Ala. 37; 28 Ala. 613; 65 Ala. 135. In view of these inconsistent

and repugnant prayers for special relief, no relief could be granted under the general prayer.—7 Porter, 144; 27 Ala. 336; 29 Ala. 367; 5 Porter, 10. (3.) The written agreement, as proved, expressly provides that it "shall not be binding upon the persons signing the same, until all the creditors of the said Bromberg Brothers, in the schedule hereinbefore named and set forth, shall become parties thereto by signing it." The evidence shows that several of the creditors refused to sign the agreement, and therefore it never became binding as a contract. *Holmes v. Love & Tucker*, 3 Barn. & Cr. 242; also, 13 Mass. 424.

STONE, J.—The present case comes before us in a triple aspect, raised in part by the pleadings, and partly on the testimony. Its fate, however, depends mainly on the pleadings, which we will first consider.

Heyer Brothers appear to have been wholesale merchants doing business in Boston, Massachusetts. Bromberg Brothers were retail traders, having their place of business in Mobile, Alabama. The bill alleges, that in 1876 Heyer Brothers were creditors of Bromberg Brothers, and that the latter firm became embarrassed, and unable to meet their debts promptly; that they professed ability to pay the principal of all their debts, if they could obtain the forbearance they sought. They also represented that they were largely indebted to F. Bromberg, their father; the amount not stated in the bill. The bill then proceeds to state, "that said Bromberg Brothers stated and represented to complainants that said F. Bromberg would wait and postpone the payment of his debt until the extended debts were paid, if the creditors would grant the extension; and said Bromberg Brothers, in order to verify their statement, produced and exhibited a document signed by said Frederick Bromberg, in which he agreed that, if the other creditors would grant the extension desired, they should have the preference and priority over his claim against the firm of Bromberg Brothers, and that he, Frederick Bromberg, would waive and postpone the payment of his claim and debt, until all the debts which should be extended should be fully paid; and orators show and state, that said Frederick Bromberg, in consideration of such extension to said Bromberg Brothers, did consent and agree to waive and postpone his debt, until the debts of your orators and other creditors should be fully paid. . . . Your orators further show that, relying upon the statements and representations made as aforesaid by said Bromberg Brothers and Frederick Bromberg, and upon the agreement in writing signed by said Frederick Bromberg, they agreed with the said Bromberg Brothers to extend the time of payment of the debt due them." The bill then avers that Bromberg Brothers thereupon

executed to complainants their extension notes, payable semi-annually, in January and July, and that they paid all the notes except the two maturing in January and July, 1879.

The said offer of Frederick Bromberg, and agreement of extension to be signed by creditors, is not attached to the bill; nor are its contents set out, further than is above shown. The bill contains no averment that the other creditors would or did grant the extension desired, although it shows there were other creditors. The bill then avers that, in November, 1878, when Bromberg Brothers were not in default as to the extended debts, having paid all past-due installments, they, said Bromberg Brothers, made a bill of sale to said Frederick Bromberg, of all their merchandise, fixtures and dues, and every thing of any value belonging to them, "for an alleged consideration of twenty-four thousand four hundred and forty-three 26–100 dollars, alleged to have been paid by said Frederick Bromberg; . . . that said F. Bromberg, upon the delivery of said bill of sale to him, immediately took possession of the store, and of all the stock of goods, wares and merchandise contained therein, and has since that time been carrying on the business in his own name; but whether for his own benefit, or for the benefit of said Bromberg Brothers, orators are not informed. . . . The other member of said firm, Charles L. Bromberg, is still engaged in the same store, in the same manner and, to all appearances, as much a manager and owner thereof, as when he was a member of the firm, and carrying on the business on their own account." The bill then charges that Bromberg Brothers were insolvent, and that F. Bromberg knew it. It then proceeds and charges, "that the consideration alleged to have been paid by said F. Bromberg to said Bromberg Brothers in said bill of sale, was the sum of twenty-four thousand four hundred and forty-three 26–100 dollars; and orators charge that said sum was not paid to said Bromberg Brothers in cash, but that said Bromberg Brothers were credited upon an old alleged debt due from them to said F. Bromberg, and that said F. Bromberg was to pay himself out of said stock of goods, merchandise, bills receivable and accounts, conveyed to him by said bill of sale. And orators charge that, as stated in paragraph 4 of this bill, that said F. Bromberg took possession of all the property of said Bromberg Brothers, and still claims that they owe him a large balance. And orators charge, that said bill of sale was a conveyance made to hinder, delay and defraud your orators, and other creditors, in the collection of their just debts. And orators further charge, that said Bromberg Brothers, by said bill of sale, conveyed all the property of every kind and description, of which they were possessed, to one alleged creditor, the said F. Bromberg, to the utter exclusion of

your orators, and all other creditors. And orators charge, that said F. Bromberg and Bromberg Brothers well knew that said Bromberg Brothers were insolvent, at the time said bill of sale was executed and delivered."

There was an amendment to the bill, but it contains nothing to be noted, unless it be a reiteration of the charge that, by the bill of sale, Bromberg Brothers conveyed to F. Bromberg every thing they jointly and severally owned, that had value.

The prayer for relief was, that said sale to F. Bromberg be set aside as void, and the property thereby conveyed be applied to the claim of orators, and to the other creditors of Bromberg Brothers, who had granted them extension under the said agree- ment of F. Bromberg, and who would come in and make themselves parties, and contribute to the expense of the suit; "or, if your orators should be mistaken in the belief that they and other creditors are entitled to be paid in preference to said F. Bromberg, then that said bill of sale be declared a general assignment for the benefit of all the creditors of said Bromberg Brothers, who may come into this court and prove their debts."

We have now set out subtantially all the bill contains, material to be considered on the present appeal.

When this case was before in this court—69 Ala. 22—the demurrers which had been interposed to the original bill were disposed of. Afterwards, other demurrers were interposed to the bill as amended, and also a motion was made to dismiss the bill for want of equity. The chancellor overruled the demurrers, and refused the motion to dismiss, but dismissed the bill on the proofs in the cause.

We have said this case comes before us in a triple aspect: *First*, under the alleged agreement, that all the extending creditors should have prior payment, before F. Bromberg should come in. Under this aspect, the agreement would be set up as valid and binding, and the bill of sale to F. Bromberg would be converted into a conveyance in trust, and he made the trustee, for the benefit of the complainants and other creditors, who had given extension on their claims. Succeeding in this aspect, only the creditors who signed the agreement, and gave the extension, could obtain relief. *Second*, that the bill of sale to F. Bromberg was fraudulent and void, as a conveyance. This would render the bill of sale inoperative, and would grant relief to all creditors who would come in, prove their claims, and contribute to the expense of the litigation. *Third*, to set up the bill of sale to F. Bromberg as valid, and have it declared a general assignment. Succeeding in this aspect, all the creditors of Bromberg Brothers, existing at the time the bill of sale was executed—November, 1878—would have been entitled to

share in its provisions. It needs no further statement to show that these alternate measures of relief are substantially variant and incompatible. The demurrer, assigning that ground, filed to the bill as amended, ought to have been sustained.—*Gordon v. Ross,* 63 Ala. 363 ; *Micou v. Ashurst,* 55 Ala. 607 ; *Moog v. Talcott,* 72 Ala. 210 ; *Lehman v. Meyer,* 67 Ala. 396.

But let us consider the bill in its several aspects, separately. First, that feature of the bill which claims a priority for the creditors who granted extension on the faith of the agreement signed by F. Bromberg. Now, the averment of the bill is, that this offer and alleged contract of F. Bromberg, to forbear the assertion of his claim against Bromberg Brothers until the other creditors should be paid, was on the consideration and condition, that "the other creditors would grant the extension desired." There is not an averment in the bill that any of the creditors, except Heyer Brothers, did grant the extension desired. F. Bromberg's proposition, being only an offer on conditions, could not become a contract, until the conditions were accepted and complied with. Partial acceptance was not enough. If the acceptance was nearly complete, and if F. Bromberg waived further compliance, and consented to act on the acceptance as complete, that should have been averred, setting forth the extent to which it had been accepted, and the waiver and acquiescence by F. Bromberg. The present bill fails to show that F. Bromberg made any binding agreement to abstain from the assertion of his claim.

We do not wish to be understood as conceding that the present bill, in this phase of it, could be maintained, if its imperfections, above pointed out, were remedied. Possibly an action at law, founded on the agreement as inducement, would be the remedy. Or, to avoid multiplicity of suits, possibly a bill would lie, if the necessary averments were made. We decide nothing, however, on this possible phase of the case. Sufficient that, in this aspect, the present bill is fatally defective.

The second aspect. The averments of fraud are wholly insufficient. To come up to legal requirements, there should have been an averment that the debt to F. Bromberg was simulated, or that some valuable interest was secured to Bromberg Brothers, describing it, or some other specific allegation of facts, constituting the fraud, should have been charged.—*Crawford v. Kirksey,* 55 Ala. 282 ; *Lipscomb v. McClellan,* 72 Ala. 151 ; *Danner v. Brewer,* 69 Ala. 191. The bill in this case does not deny that Bromberg Brothers owed F. Bromberg the debt claimed, and it charges no secret trust, nor benefit secured to Bromberg Brothers.

The third aspect. According to the averments of the bill, the transfer, or bill of sale from Bromberg Brothers to F.

34

[Doe, ex dem. Stoutz v. Burke.]

Bromberg, was an absolute sale, in payment of a debt, the existence and *bona fides* of which the bill no where denies. There is not enough averred to constitute the conveyance a general assignment.—*Crawford v. Kirksey, supra.*

So, in either aspect made, or attempted to be made by the bill, it is void of equity, and the motion to dismiss on that ground ought to have prevailed. It may not be out of place to state, the testimony establishes the debt due from Bromberg Brothers to F. Bromberg, as claimed by the latter. It is also shown that some of the creditors did not assent to the proposed terms of extension; but complainants contend F. Bromberg has waived that.

The decree of the chancellor must be affirmed.