# Tatum Brothers *v.* Walker.

*Bill in Equity for Cancellation of Mortgage, or Redemption.*

1. *Wife as party to bill filed by her trustee ; amendment as to parties.* The wife is a proper party to a bill filed by her testamentary trustee, which seeks to set aside and cancel a mortgage of her property executed by her and her husband to secure a recited indebtedness; and if she is joined as a defendant with her husband and the mortgagees, her name may be struck out by amendment, and she may then be made a co-complainant with the trustee.

2. *Filing bill in double aspect, asking cancellation of mortgage, or redemption under it.*—A bill can not pray to have a mortgage set aside and cancelled, as inoperative and void, or, in the alternative, for an account

and redemption under it; and if the original bill prays the former relief only, an amendment asking the other, in the alternative, can not be allowed.

3. *Tender in bill to redeem.*—In a bill to redeem under a mortgage, it is always necessary to tender the amount due, unless it is averred that nothing is in fact due; and the only safe plan is to tender what may be found due, even when averring that nothing is due.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. N. S. GRAHAM.

The original bill in this case was filed on the 19th November, 1881, by John H. Walker, as testamentary trustee of Mrs. Eliza W. Tatum, under the will of their deceased father, against Mrs. Tatum and her husband, Menifee Tatum, and against the persons composing the mercantile firm of Tatum Brothers; and sought to set aside and cancel, as void and inoperative, a mortgage and crop-lien executed by Mrs. Tatum and her husband to said Tatum Brothers, and to enjoin an action at law which the latter had instituted to recover the land conveyed by the instrument. An amended bill was afterwards filed, striking out the name of Mrs. Tatum as a defendant, and making her a complainant with the trustee; and also praying, in the alternative, an account and redemption under the mortgage. The chancellor overruled a demurrer to the bill as amended; and on final hearing on pleadings and proof, the account stated by the register showing that the mortgage debt was overpaid, he rendered a decree ordering satisfaction of the mortgage to be entered, and a personal decree against said Tatum Brothers, in favor of Mr. Tatum, for the over-payment. Each of the decrees is now assigned as error.

J. D. GARDNER, and W. C. BREWER, for appellants.

W. H. PARKS, R. H. ABERCROMBIE, and J. A. BILBRO, *contra*.

STONE, C. J.—The original bill in this cause was filed by John H. Walker, as trustee of Mrs. Eliza W. Tatum, then the wife, now the widow of Menifee Tatum. P. A. Tatum, Henry D. Tatum, Menifee Tatum, and Eliza W., his wife, were made defendants. The controlling purpose of the bill was to have declared inoperative and void an alleged crop-lien and mortgage, made by Menifee Tatum and wife to the other defendants, conveying real and personal property to secure an alleged indebtedness from Menifee Tatum and wife to Tatum Brothers. It is shown in the record that, under the will of Joel Walker, father of John H. Walker and of Mrs. Tatum, she, Mrs. Tatum, became the owner of an estate, vested in John H. Walker as her trustee, secured to her sole and sepa-

[Tatum Brothers v. Walker.]

rate use during life, remainder to her children, if she had children; and if not, then over. It is averred in the pleadings, and there is testimony tending to prove it, that of Mrs. Tatum's patrimony, thus secured in trust, a considerable sum of money was paid by the trustee to her husband, which he invested in lands and personal property, taking the title in his own name. Subsequently, in 1867, he conveyed this property to John H. Walker, in trust for the said Eliza W. Tatum; and it is alleged that this was done in repayment of the said trust money which he had received from the trustee, and had converted.

In 1881, Menifee Tatum and Eliza W., his wife, gave to Tatum Brothers a crop-lien and mortgage, to secure to them an acknowledged indebtedness of fourteen hundred dollars, and some future advances. The property thus mortgaged, it is alleged, is part of the property conveyed by Menifee Tatum to Walker, as trustee. In the fall of 1881, Tatum Brothers took possession of the property conveyed by the mortgage, and were proceeding to dispose of it, in payment of their mortgage claim. The original bill was then filed, and an injunction obtained. It contains no averment as to the state of the account, growing out of the mortgage transaction. The *gravamen* is, that at the time the crop-lien and mortgage were executed, Menifee Tatum had lost his reason, and was mentally incapable of making a binding contract.

An amendment of the bill was prayed for, and allowed. By it, complainant sought, first, to have Mrs. Eliza W. Tatum's name struck out as a defendant, and to have her made a co-complainant with himself. This was, as far as we can perceive, a proper amendment. The title set up makes her a proper complainant.—*Larkins v. Biddle*, 21 Ala. 252; *Michan v. Wyatt, Ib.* 813. The amended bill then proceeds, with minute particularity, to set forth the facts which are very generally and briefly charged in the original bill, and repeats the averment that, at the time the crop-lien and mortgage were executed, Menifee Tatum was mentally incapable of making a binding contract. It also avers oppression, fraud, deceit and circumvention, exercised and practiced by Tatum Brothers on Mrs. E. W. Tatum, by which they procured her signature to the crop-lien and mortgage. It prays, also, that the conveyance be declared void, and set aside as a cloud on the title. Up to this point, there is no material repugnancy between the original and amended bills. The amended bill then proceeds in the following language : "If orator and oratrix are mistaken in praying for this relief [declaring the conveyance void], that defendants be required to account for the proceeds of the sale of the personal property seized by said Tatum Brothers and sold by them, and that they be required to account and give credit upon said

note and mortgage at a reasonable price for said personal property; . . . and that it be referred to the register of this honorable court to ascertain and report, after allowing all credits to which complainants are entitled, how much remains due, if any, upon said note and mortgage; and that upon the payment of the amount so ascertained to be due, said note and mortgage be delivered up and cancelled." There was a demurrer to this amended bill, assigning as a ground that it made a new case.

The original bill contained neither averment nor prayer which looks to any result other than the vacation and avoidance of the note and mortgage. The second aspect of the amended bill, if well pleaded, prays relief on the postulated fact, that the note and mortgage constitute a valid contract. The one prays relief, which can be granted only on the overthrow of the mortgage; the other claims relief which requires the maintenance of the mortgage as a valid security. The one would strike down the security; the other would redeem under it, as a valid lien. Such incompatible reliefs can not be prayed for in one bill.—*Larkins v. Biddle*, 21 Ala. 252; *Micou v. Ashurst*, 55 Ala. 607; *Gordon v. Ross*, 63 Ala. 363; *Lehman v. Meyer*, 67 Ala. 396; *Moog v. Talcott*, 72 Ala. 210; *Heyer v. Bromberg*, 74 Ala. 524; *Caldwell v. King*, 76 Ala. 149.

The relief which complainants obtained in this case is not founded on the only aspect presented in the original bill, which is also the leading aspect presented in the amended bill. The chancellor did not find that issue in favor of complainants, and we are not prepared to say he erred therein. The alleged mental incapacity of Menifee Tatum to make a binding contract is scarcely proved. The relief granted was under the prayer to redeem. As a bill to redeem under the mortgage, the amendment is insufficient. It fails to tender the amount that may be due on the mortgage, which is always necessary, unless in taking the account nothing is found to be due; and when that is the case, there must be an averment that nothing is due. This bill contains no such averment. When seeking to redeem, the only safe plan is to tender in the bill what may be found due. This will save the case, even if the averment of full payment is not made good.—*Rogers v. Torbut*, 58 Ala. 523; *McGehee v. Lehman*, 65 Ala. 316; *Dozier v. Mitchell*, *Ib.* 511; *Garland v. Watson*, 74 Ala. 323.

The complainants in this case are in a hopeless dilemma. If we treat the alternate phase of the amended bill as an insufficient, and therefore abortive effort, to redeem the mortgage property; then the decree is without averments to support it, and must be reversed on that account. On the other hand, if we treat the redemption aspect of the bill as sufficient in averment, then it is incompatible with the primary aspect—prays

repugnant relief, makes a new case, and the demurrer should have been sustained ; and if amended, so as to make it a sufficient bill to redeem, the same result must follow.

The decree of the chancellor is reversed, and a decree here rendered, dismissing the bill, but without prejudice to the institution of another suit, as complainants may be advised. Let the costs of the suit, and the costs of the appeal in the court below and in this court, be paid by appellees.

Reversed and rendered.