# Pryor *v.* Hollinger.

*Bill in Equity by Mortgagor, for Redemption and Account.*

88　405
101　698
88　405
119　624

1. *Tender, and delivery of possession, as pre-requisites of redemption.* Delivery of possession within ten days after the sale, and a tender of the amount prescribed by the statute, are essential pre-requisites to the exercise of the statutory right of redemption (Code, §§ 1880-81); but the statute has no application to a bill for redemption and account, filed by a mortgagor within two years after a sale under the power, at which the mortgagee became the purchaser, not being authorized to do so by the mortgage.

2. *Outstanding claim paid by mortgagee for mortgagor.*—If a mortgagee pays or settles, at the instance and request of the mortgagor, an outstanding debt or claim against the latter, he can claim a credit, on statement of the account between them under a bill to redeem, only for the amount actually paid.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed, on what day the transcript does not show, by Robert Hollinger and Alex. Hollinger, against John M. Nored, aad afterwards revived against George W. Pryor as his administrator; and sought the cancellation of a mortgage, and a redemption and account under it. The mortgage was signed by said Robert and Alex. Hollinger, but not by their wives; was dated January 2d, 1884; purported to secure an indebtedness of $1,546.40, conveyed a tract of land, with certain personal property, and contained a power of sale on default, but did not authorize the mortgagee to become the purchaser at the sale. The property was sold under the power, on the 10th February, 1886, the mortgagee himself becoming the purchaser. The mortgagors refused to deliver possession of part of the land, claiming it as their respective homesteads; and an action being thereupon brought to recover the possession, the bill prayed an injunction against the prosecution of that action. The bill contained, also, allegations and charges of fraud on the part of the defendant, both in the procurement of the mortgage, and in the other business transactions between him and the complainants, involving matters of account. These allegations and charges were denied by the defendant, and he prayed a foreclosure of the mortgage, for the amount

found due him on a statement of the accounts. . The cause being submitted on pleadings and proof, a decree was rendered by the chancellor (Hon. THOS. COBBS) in vacation, August 12th, 1887, ordering a statement of the matters of account by the register. The account, as stated by the register, showed a balance of $189 due from the complainants to the defendant; but, on exceptions filed to his rulings, the balance was reduced by Chancellor FOSTER to $159.17, on payment of which, with the costs, the mortgage was ordered to be cancelled. The defendant appeals, and assign this decree as error, with the rulings on exceptions to the register's report.

JOHN GAMBLE, and STALLWORTH & BURNETT, for the appellants.

G. R. FARNHAM, and P. D. BOWLES, contra.

McCLELLAN, J.—This is a bill filed to set aside a defective sale made under, and for the redemption of land from, a mortgage executed by appellees, who are complainants below, to appellant's intestate, one Nored. The land having been sold under a power to that end embodied in the instrument, but which did not authorize a purchase by the mortgagee, the bill proceeds, with appropriate allegations, on the theory that the sale was voidable, on the ground that the mortgagee was in truth the purchaser at his own sale; and we have no difficulty in concurring with the chancellor that the testimony fully supports this theory.

The complainants, within two years, disaffirmed the sale (Ezzell v. Watson, 83 Ala. 120), and filed their bill in a double aspect. They aver that, at the time of the sale, there was nothing due on the mortgage, and pray that an account be taken, and the mortgage cancelled; but they submit themselves to the decree of the court, offer to pay whatever may be found to be due, and pray to be allowed to redeem, if the balance is found against them. To the claim thus presented, and to the relief sought, in either aspect, it was not essential to be alleged or proved that any tender was made, or that complainants surrendered possession within ten days, or other time, after the sale, or that •their failure in either respect was justified by extraneous facts. Such necessity arises when the statutory right, existing after foreclosure, is asserted, but not, as in the case here, where the effort is to effectuate

[Pryor v. Hollinger.]

the equity of redemption, which exists only before a valid foreclosure. The decree which established complainants' right to redeem is, therefore, not open to any of the several objections urged against it, and predicated on the failure to make a tender before suit brought, and upon the alleged insufficiency of averment and proof as to the surrender of possession.—*Tatum v. Walker*, 77 Ala. 566; *Security Loan Asso. v. Lake*, 69 Ala. 456; *Adams v. Sayre*, 70 Ala. 318.

The other assignments of error all go to the correctness of the chancellor's rulings on exceptions reserved to the report of the register on taking and stating the account between the parties. The first and second exceptions involved the same question—whether the mortgagee should be allowed the face value of a claim, which he paid for the mortgagor, or bought in at the latter's instance, or only the sum he paid thereon or therefor. There is conflict of testimony as to whether the liquidation of this outstanding claim was in the contemplation of parties when the original mortgage, in lieu of which the one from which redemption is now sought was given, was executed. Complainants testify that the main, if not only purpose of the instrument, was to secure defendant in the loan of money with which to pay off the claim of Forbes & Newton, amounting to $1,259, and that after the paper was signed, defendant refused to pay them this, or any sum, for the purpose indicated, but insisted that he could and would make a more advantageous settlement for them with Forbes & Newton. All this is denied by the defendant, supported by other evidence; and on the contrary, he swears that nothing was said about the claim of Forbes & Newton, until several months after the execution of the mortgage, when complainants requested him to pay off the claim and charge the amount of it, without regard to the sum he should pay for it, to them, as an advancement under, and to be secured by the mortgage. The testimony presents difficulties, but on the whole proof we are satisfied (especially when, in connection with the testimony of complainants, reference is had to the amount of the first mortgage, which is reasonable only upon the assumption that it was to cover this outside debt; to the indorsement of Forbes & Newton on their claim when it was taken up, which indicates payment and not purchase, and in date corroborates complainants and contradicts the defendant; and to a subsequent statement of the account of one of complainants, in which he appears to be charged with his proportion of the amount actually paid

by the defendant for the claim), that the defendant, in the acquisition of the claim of Forbes & Newton against complainants, represented and acted for the latter, and would consequently be entitled only to reimbursement of the money actually paid for the claim, or in settlement of it.—*Sweet v. Jacobs*, 31 Amer. Dec. 252; *Sterricker v. Dickinson*, 9 Barb. 520; *Whelan v. McCreary*, 64 Ala. 319.

The chancellor, in considering the third exception to the register's report, in connection with the fourth and fifth, reached the conclusion, that complainants had not been credited with the difference between the face value of the Forbes & Newton debt and the sum paid by defendant in satisfaction of it. The record does not furnish us with sufficient *data* to pass intelligently upon the correctness of this conclusion. The decree asserts it as a fact, that proper credit had not been given in this respect; and there is nothing in the report, or in the evidence on which it is based, to lead us to a contrary conclusion. With the stated account corrected by this deduction, and further corrected by reinstating against complainants usurious charges which had been stricken out by the register, without sufficient averment of usury in the bill to authorize evidence on that subject, which was ordered by the chancellor in response to the 4th and 5th exceptions, the decree confirming it, and letting the complainants in to redeem, is free from error, and is affirmed.