91  213
d142 511

# Mobile Street Railway Co *v.* Turner.

### *Garnishment in aid of Pending Action.*

1. *Contract for building house, with stipulation authorizing employment of other workmen in case of delay; payments after service of garnishment.* Under a written contract for building a house, containing a stipulation that, in the event of undue delay in the completion of the work by the contractor, the owner may employ other workmen, procure necessary materials, and retain the moneys thus paid out of the amount due to the contractor; such undue delay having occurred, and other workmen being thereupon employed; *held*, that the amounts paid to them, after the service of a garnishment at the suit of a creditor of the contractor, were properly paid, and discharged, *pro tanto*, the liability of the garnishee to the contractor; but, as to moneys paid after the service of the garnishment, to sub-contractors and material-men employed by the original contractor, who gave notice of their intention to enforce their statutory lien, but did not institute legal proceedings, the court "inclines to the view" that the payments were unauthorized, but leaves the question undecided.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

The appellee in this case, Mrs. Marcia H. Turner, commenced an action by summons and complaint, on the 28th November, 1887, against Blount Sossaman; and on the 22d December,

1887, in aid of that action, having made the statutory affidavit (Code, § 2967), sued out a garnishment against the Mobile Street Railway Company, as the debtor of said Sossaman. In the original action, the plaintiff recovered a judgment, May 23d, 1888, for $445.20, besides costs. In the garnishment proceeding, the garnishee filed an answer, which was afterwards amended; and after various proceedings, which require no special notice, the case was submitted to the court (1) on the motion of garnishee to be discharged, and (2) on the motion of the plaintiff for judgment against the garnishee on the answer. The question of the indebtedness of the garnishee to Sossaman arose out of a contract between said Sossaman and the City Railroad Company, a private corporation, for the erection by him of a brick stable on a lot which belonged to said company, and which was sold and conveyed by it to the garnishee before the completion of the work. The work was not completed within the time specified in the contract, nor for some time after the service of the garnishment. The original answer of the garnishee denied any indebtedness to Sossaman, but stated that $3,000 would become due to him on the completion of the work; but an amended answer was afterwards filed, stating the facts as to the contract for the erection of the stable, and alleging that the balance due and to become due on it, at the service of the garnishment, was $2,853.61. A second amended answer was afterwards filed, which alleged that, after the garnishment, the garnishee had paid $2,523.88 to material-men and sub-contractors, who had given notice of their intention to file their claims to enforce statutory liens on the property, appending a schedule of the names and amounts; and further claimed the right to complete the work with the aid of these men and materials, under a stipulation in the contract, which is set out in the opinion of the court. The court overruled the motion of the garnishee, and rendered judgment against it for the amount of the plaintiff's judgment against Sossaman, with interest and costs; and this judgment, to which the garnishee excepted, is here assigned as error.

GAYLORD B. CLARK & FRANK B. CLARK, for appellant.—(1.) Neither Sossaman, nor the plaintiff as his creditor, had any right of action against the garnishee, founded on the contract between him and the City Railroad Company. The purchase of the property did not render the purchaser personally liable on the contract. (2.) By the terms of the contract, the garnishee was authorized, in case of undue delay in the work, to provide workmen and furnish necessary materials at the expense of Sossaman; and having done this, as alleged in the

amended answer, neither Sossaman nor plaintiff can complain. (3.) The material-men and laborers having given notice of their intention to file claims and enforce statutory liens against the property, the garnishee might properly pay them, thereby avoiding expense attending proceedings to perfect the liens, and delay in the completion of the work.

WM. E. RICHARDSON, *contra*, cited *Railroad Co. v. Schaffer*, 76 Ala. 233; *Young & Co. v. Stoutz*, 74 Ala. 574; *Seibs v. Englehardt*, 78 Ala. 508; *Conboy v. Fricke*, 50 Ala. 414; *Copeland v. Kehos & Ramsey*, 73 Ala. 390; *Geiger v. Hussey*, 63 Ala. 338; *Trammell v. Hudson*, 86 Ala. 472.

COLEMAN, J.—Several questions have been argued in this cause, but we deem it unnecessary to consider but one. Appellant was summoned as garnishee to answer as to its indebtedness to one Sossaman, against whom appellee had recovered a judgment. The City Railroad Company by agreement contracted with Sossaman for the erection of a certain building, and during the execution of the contract, and before its completion, sold its property to appellant, including the building in progress of completion. For the purposes of this trial, we will treat the contract binding upon appellant as the original contractor.

The contract contains the following stipulation: "In case of delay by the contractor in producing and delivering the requisite materials, or in the advancement of the buildings or works, or of a deficiency of workmen, or for misconduct, inattention or inability, the owner shall be at liberty (after the superintendent has given to, or left for the contractor, with his foreman or clerk, three days notice in writing) to provide, at the expense of the contractor, all such materials, and employ such number of workmen at such wages as the superintendent shall think proper; and the cost and charges incurred shall be retained out of the contract amount, and paid by a reservation from the estimate from time to time, or amounts thereof which may be due, or recoverable as liquidated damages."

The answer of the garnishee, which must be considered as conclusively true in the absence of any contest, avers that the said contractor was guilty of delay in the performance of his contract in the advancement of the building, and that garnishee as owner did pay for account of said Sossaman the material-men and workmen, at such price and wages as were reasonable and acceptable to the parties to said contract, and said sum so paid and advanced for workmen and material was paid by the

garnishee, and was retained out of the contract amount, and was reserved from the estimate due said Sossaman; and that such action on the part of the garnishee was necessary to secure the completion of said contract; and that said action was consented to by said Sossaman, but the garnishee did not claim any damages from the said Sossaman because of said delay. The garnishee further answered, that under the contract the garnishee had the right, in case said Sossaman did not complete the work according to his contract as to time, to employ men and purchase material at the expense of said Sossaman for the completion of the work.

The very purpose of this stipulation in the agreement was to provide against the contingency which came to pass, namely, delay of the work by Sossaman, his inability to purchase material, and employ men to complete the contract, and the necessity that compelled the garnishee to pay for the material and employ workmen for this purpose. Sossaman could claim nothing under the contract, except the balance left after deducting these necessary payments and advances. The fact that the stipulation contained a provision which authorized garnishee to recover, as liquidated damages, any excess advanced to material-men or workmen, from Sossaman, and that garnishee did not claim damages for delay in the work, or for excess paid, in no way tends to show a liability from garnishee to Sossaman.

The answer clearly avers, that with the exception of a small amount claimed by Sossaman as exempt, and which it is conceded was exempt, the entire amount to be paid under the contract to Sossaman, was paid by garnishee to material-men and workmen, as authorized by the above stipulation. The claim of the plaintiff was subject to these payments.

Without deciding the question, we incline to the view, that the mere notice given to garnishee by material-men and subcontractors, of their intention to perfect and enforce the lien of mechanics and material-men, provided in the statute, without more, did not authorize the payments made after service of the writ of garnishment.—*Seibs v. Englehardt,* 78 Ala. 508; 87 Ala. 465; Code, §§ 3026, 3029, 3040.

The judgment of the Circuit Court must be reversed, and a judgment here rendered, granting the motion of the garnishee, discharging it upon the answer.

Reversed and rendered.