# Cook *v.* The Rome Brick Co.

*Proceedings for the Enforcement of Material-Man's Lien.*

1. *Act of inter-state commerce; foreign corporation.*—The sale of brick in another State, to be delivered in Alabama, is an act of inter-state commerce, which is not affected by laws of Alabama requiring foreign corporations to have a place of business and an agent in the State as a condition precedent to doing business therein.

2. *Suit by foreign corporation; no local agent necessary.*—The institution and prosecution of suits in the courts of Alabama by a foreign corporation is not an act of business therein, and may be done without having a place of business and an agent in the State.

3. *General demurrer not sufficient.*—Under Code, § 2690, 2 Brick. Dig. pp. 346, 347, and 3 Brick. Dig. p. 704, a demurrer to a complaint, in an action to enforce a mechanic's lien, that it fails to show enough to entitle plaintiff to a lien on the pro· erty, is bad, being too general.

4. *Averments construed against pleader.*—A complaint in an action to enforce a mechanic's lien alleged that part of the debt accrued in March ; another part in April ; and the balance in May. The statement was filed July 9th. *Held* that, construing the complaint against plaintiff, part of the debt accrued prior to March 9th, and hence more than four months prior to the filing of the statement ; and as it is necessary, under the statute, to allege that the statement was filed within four months after the accrual of the debt, the complaint was bad. it not appearing what part of the debt accrued within the four months.

5. *Presumption of law that one deposing to certain facts has knowledge of their existence.*—The statute requires the statement for a mechanic's lien to be verified by the oath of the claimant, "or some other person having knowledge of the facts." *Held* that, where the verification is made by "some other person," his knowledge of the facts is presumed.

6. *What statement need not show.*—Although the statute requires the statement for a mechanic's lien to be filed within four months

[Cook v. The Rome Brick Co.]

after the accrual of the indebtedness, the statement need not show that it was filed within such time.

7. *Same; materials for certain building.*—Although materials for which a lien is claimed must, under the statute, have been furnished for the erection or betterment of a certain building, such fact need not appear in the statement filed for record with the probate judge.

8. *Estoppel; recoupment.*—Where a builder pays the contractors in full, except an amount equal to the claim of a material man, and agrees to pay such an amount to the latter, without making any claim for damages for delay in completing the building, he is estopped, in an action to enforce a lien for the materials, to insist upon recouping for such delay.

9. *Materials must have been furnished for some particular building.*—It is not sufficient to entitle one to a lien for materials furnished contractors, that the materials were to be used in the erection of a building in the city, but they must have been furnished for the particular building on which a lien is sought.

10. *When not entitled to a lien.*—One is entitled to no lien on a lot and building for materials furnished the contractors before he knew that they were to be used in the building.

APPEAL from DeKalb Circuit Court.

Tried before the Hon. JOHN B. TALLY.

This action was brought by the Rome Brick Company against E. B. Cook and J. D. Ralls, and Smith & Spencer to declare and enforce a lien claimed by the plaintiff for certain car-loads of brick furnished to said Smith & Spencer, contractors, to be used in the erection of a brick house for E. B. Cook and J. D. Ralls, in the town of Fort Payne. The suit was begun before the passage of the act of Feb. 12, 1892, (in 1889.) The complaint is substantially set out in the opinion of the court.

The defendants demurred to the complaint, assigning among other grounds, that said complaint did not show the date the materials claimed to have been supplied, were furnished; that the complaint failed to aver that the plaintiff had complied with the constitution and laws of Alabama requiring foreign corporations to file an instrument in writing with the Secretary of State designating a known place of business and a resident agent thereat; that the complainant failed to aver that the plaintiff filed in the office of the judge of probate of DeKalb county, his said statement in writing within the time required by law, viz. : four months from the accrual of the indebtedness ; that said complaint failed to aver that the person who made affidavit as to the truth of the facts sworn to in said statement was one who had knowledge of the facts. These demurrers were overruled by the court. Issue was then joined. Some objections were made and exceptions reserved by appellant, who assign the same as error in this court, which the opinion of the court renders

[Cook v. The Rome Brick Co.]

unnecessary to set out. A number of charges in writing were given for the plaintiff, one, numbered 3, was as follows: "If Camp and Smith had in their minds at the time of the getting of the brick from plaintiff that the brick were to be used in a house at Fort Payne that Smith & Spencer were building, then, so far as this point is concerned, plaintiff has a lien on the property."

Among the written charges requested by the defendant, and refused by the court, to which action of the court, exception was taken and here assigned as error, was charge No. 2, which was as follows: "The court charges the jury that if they find from the evidence in this case that the Rome Brick Company furnished the brick in this case on the general credit of Smith & Spencer, and if the jury further find from the evidence that the Rome Brick Company did not contract with Cook & Ralls, but with Smith & Spencer, then no lien attached to the building of Cook & Ralls." The following charges were also asked by the defendant, and refused by the court, viz.: 4. "The court charges the jury that if they believe all the evidence in the case they can not find a verdict against Cook & Ralls for the first two carloads of brick, shipped by the Rome Brick Company."

6. "The court charges the jury that if they believe all the evidence in the case they can not fasten a lien on the building of Cook & Ralls, for the first two carloads of brick shipped by the Rome Brick Company."

7. "The court charges the jury that they can in no event find a verdict for the plaintiff if they find from the evidence that the amount which they find, if they find any amount due, would raise the whole sum paid, or to be paid, by Cook & Ralls, to a greater amount than they agreed to pay for the whole contract."

8. "If the jury find from the evidence that Smith & Spencer were under contract to complete the building by a certain day, and that they failed to complete the house by the time agreed, and that by reason of said delay Cook & Ralls were kept out of the possession of said building for some time, and that by reason thereof Cook & Ralls were damaged, then they can recoup these damages and set them up, so far as they go, against the amount they may be owing Smith & Spencer, and if said damages equal or exceed those from Cook & Ralls to Smith & Spencer, then there can be no lien on the building of Cook & Ralls, or judgment against them."

The court's refusal to give these charges are also assigned as error, with many others, on this appeal.

BRICKELL, SEMPLE & GUNTER, for appellants, cited Phillips on Mechanic's Lien, sec. 1275, 327; *Trammell v. Hudmon*, 78 Ala. 222; *G. I. R. & C. Co. v. Thacher*, 87 Ala. 458; *Eufaula Water Co. v. Addystone*, 89 Ala. 552.

DAVIS & HARALSON, for appellees, cited 87 Ala. 458 ; 3 Brick. Digest, § 570, p. 443; § 3122 of Code ; *Eufaula Water Works Co. v. Addystone*, 89 Ala. 552.

McCLELLAN, J.—The averments of the complaint, which are intended to make a case for the declaration and enforcement in plaintiff's favor of a material man's lien on the building of Cook & Ralls in which the brick supplied by plaintiff were used, and on the lot upon which said building is situated, are the following: "The plaintiff, The Rome Brick Company, a body corporate under the laws of Georgia, claims of the defendants (Smith & Spencer and E. B. Cook and J. D. Ralls) $340.65, due by account made on the —— day of March, 1889, —— day of April, 1889, and —— day of May, 1889, with the interest thereon, by Smith and Spencer for Brick used by said Smith and Spencer contractors, employed by E. B. Cook and J. D. Ralls to build their three story brick house on Gault Avenue on lots one and two in block eighty-two in the town of Fort Payne, DeKalb county, Alabama. And plaintiff avers that E. B. Cook and J. D. Ralls are the owners of said building and lot, that said Smith and Spencer built said house on said lots by contract with said owners, and that the brick so sold by plaintiff were used by said Smith and Spencer in said building in its construction ; and plaintiff avers that they did on the 9th day of July, 1889, file in the office of the judge of probate of the county of DeKalb · · · · · a statement in writing containing a just and true account of the demand here sued upon after allowing all just credits and offsets, and verified by the oath of J. L. Camp, that more than ten days before said statement was to be filed, plaintiff gave to said E. B. Cook and J. D. Ralls as the owners of said house and lots notice in writing that they claimed a lien on said house and lots for the said amount of three hundred and forty dollars and sixty-five cents, and showing from whom said amount was due and for what it was due, the same being due for material furnished for said building, and plaintiff claims a lien on said building and lots for said sum of three hundred and forty dollars and sixty-five cents, with the interest on the same." Defendants interpose many assignments of demurrer to the complaint, some of which were overruled, and

the rulings of the court in that regard are made the bases of several assignments of error.

1.    The court did not err in overruling those assignments which proceeded on the theory that it was necessary for plaintiff to aver that it had complied with our laws in respect of having a known place of business in Alabama and an agent thereat.    The sale of brick in another State to be delivered here, or the filling of an order sent from this State for brick in another State, is an act of interstate commerce which is not affected by our laws which require foreign corporations to have a place of business and an agent as a condition precedent to their capacity to do business in Alabama.—*Ware v. Hamilton Brown Shoe Co.*, 92 Ala. 145. Nor is the institution and prosecution of suits in our courts the doing of business within these requirements of our laws.—*Christian v. American Freehold Land Mortgage Co.*, 89 Ala. 198.

2.    That assignment of demurrer, which is in these words : "If every allegation and averment of said complaint be true, it fails to show enough to entitle plaintiff to a lien on the property of Cook & Ralls," was properly overruled on account of its generality.—Code, § 2690 ; 3 Brick. Dig. p. 704 ; 2 Brick. Dig. pp. 346–7.

3.    In actions by which it is sought to declare and enforce the lien given by statute to mechanics, material men and the like, every fact necessary to the creation of the lien must be alleged and proved.    This is the general rule of pleading which is applied with much strictness to this class of actions.—Phil. on Mec. Liens, §§ 402 *et seq.; Globe Iron Roofing and Corrugating Co. v. Thacher*, 87 Ala. 458.    And our statute specifically requires "the facts necessary to entitle the plaintiff to the lien" to be stated.—Code, § 3029.    Among the facts thus necessary to be averred and proved is the filing, in the office of the judge of probate in the county in which is situated the property proposed to be subjected, of the statement required by section 3022 within the time therein prescribed, verified by the oath of the claimant, or some other person having knowledge of the facts.    If this statement is not so filed, the lien is expressly declared to be lost.    The present action seeks to have a lien declared and enforced in favor of material men.    It is essential to the existence of such lien that the statement should be so filed within four months after the indebtedness has accrued, and this must appear by the complaint and be established by the testimony.    The averment of the present complaint in this connection is that some part of the indebtedness accrued

[Cook v. The Rome Brick Co.]

in March, 1889, another part in April, and the balance in May of that year, the particular days in said months not being stated, nor does it appear what sums accrued severally in said months. The statement was filed in the office of the judge of probate on the 9th of July, 1889. Applying to these averments the rule which requires us to construe the complaint most unfavorably to the plaintiff, it must be held that some part of the indebtedness accrued prior to the 9th day of March, 1889, and hence more than four months before the statement was filed. The complaint, therefore, makes no case for the enforcement of a lien to any extent against the property sought to be subjected since, it not appearing what part of the indebtedness accrued within and what part beyond the four months, it can not be said to allege with requisite certainty any indebtedness which could be charged on the house and lots of the defendants Cook and Ralls. The assignments of demurrer which were addressed to this infirmity of the complaint should have been sustained.

4. We construe the complaint to aver that the materials furnished by the plaintiff were supplied for the purpose of being used and were used in the construction of the house upon which, with the lots on which it was erected, it is sought to fasten the lien. So far as this point is concerned, the averments of the complaint are sufficient.—*Eufaula Water Co. v. Addystone Pipe and Steel Co.*, 89 Ala. 552.

5. The statute requires that the statement to be filed in the office of the probate judge shall be "verified by the oath of the claimant or some other person having knowledge of the facts," but it is not provided, where the verification is made by a person other than the claimant, that the statement shall affirm that such person had knowledge of the facts. On the contrary, the necessary contents of the statement are specified and the affirmation of this fact is not set down as essential. The present statement follows the statute in this respect and is sufficient, the *prima facie* presumption being that one who deposes to certain facts has knwoledge of their existence.—Code, § 3020. This case is distinguishable from that of the *Globe Roofing Co. v. Thacher*, 87 Ala. 458, in the connection under consideration.

6. It was not essential to the perfecting of plaintiff's lien that the statement filed for record in the office of the judge of probate should show that it was filed within four months after the indebtedness had accrued. The statute required it to be filed within that time and that it was so filed must, as we have seen, be averred in the complaint and proved on

the trial, but the statute does not require the statement which is filed to set forth the fact that it was filed within the time limited or facts showing that it was so filed; and the conclusion that the statement need not itself show that it is filed within the statutory limitation is further aided by the fact that the contents of the claim required by the statute are therein stated and this is not among them. Nor is the date of accrual of the indebtedness a necessary part of a "just and true account of the demand" which the statement is required to embrace in the sense in which these terms are used. It is manifest from the context that they have reference to the *amount* claimed "after all just credits have been given," and not to the date of maturity of the demand. Phillips on Mechanic's Liens, §§ 350, 353. And so with respect to the fact that the materials are supplied for the purpose of being used in the erection or betterment of a certain building; this must be alleged in the complaint and proved, but it is not by the terms of the statute required to appear in the statement filed for record with the probate judge. Code, § 3022. The statement filed by the plaintiff was a sufficient compliance with the statute and the objections to its admission in evidence were properly overruled.

7. It is assigned as error that the court overruled "defendant's objections to questions and answers in original interrogatories, as shown by the record." The record shows only this: "To the interrogatories and the answers the defendants filed objections which are shown by the written objections on file, which objections the court overruled and the defendants excepted." These objections nowhere appear in the record, and we, of course, can not pass on them.

8. Charges 1 and 2 given for the plaintiff may possibly be objectionable because of their argumentative character, but, if so, this furnishes no ground for reversal. The propositions they assert are sound. If, as hypothesized, the defendants paid the contractors in full except an amount equal to the claim of plaintiff for brick furnished, and agreed to pay this amount to the plaintiff, without making any claim for damages, or asserting any right to recoup damages incident to the delay beyond the contract date in the completion of the building, it was competent for the jury to look to these facts, in connection with all other evidence in the case in determining whether defendants had waived such claim or right; and if they were satisfied from all the evidence that the defendants and the contractors made a settlement in reference to the building, that the former paid the latter the full amount of the contract price except the amount of plain-

tiff's claim and undertook and agreed with the contractors to pay this to the plaintiff, they thereby cut themselves off from the defense of recoupment they now attempt to assert. If these charges involved any tendency to mislead in pretermitting reference to an aspect of the evidence that defendants in said settlement and upon making said agreement reserved the right, if any they had, to recoup damages for delay of plaintiffs in delivering the brick, an explanatory instruction should have been requested, and for aught that appears, such explanation may have been asked and given. The principle of these charges does not rest on the idea that defendants undertook merely to pay the debt of the contractors to the plaintiff, but on the theory that they, in this way, settled in full with the contractors, and accepted what they had done, in the time and manner in which it was done, as a complete performance of the contract.

9.  Charge 3 given for plaintiff is bad.  Conceding, though the propriety of so doing is not altogether clear, that if Smith and Camp—the contractors, and the material-man—had in their minds, when the materials were supplied, that they were to be used in the erection of the house against which the lien is asserted, this would be the equivalent of an intention and purpose on their part that the supplies should be so used, yet the purpose must have been more specific than is hypothesized in this instruction.  It must have had reference to the *particular* building to the erection of which the materials were devoted, and which is now sought to be subjected to the payment of the price thereof, and not merely to a house which the contractors were building in a named city.—*Eufaula Water Co. v. Addystone Pipe & Steel Co.*, 89 Ala. 552, 555, 556; *Tyler v. Jewett*, 82 Ala. 93; *Weaver v. Sells*, 10 Kansas, 609; *Rodgers v. Currier*, 13 Gray, 129.

10.  Of the charges refused to defendants, and the soundness of which is now insisted on in argument, that numbered 2 involved a tendency to mislead and hence was well refused.  It is very true that where materials are supplied to a contractor solely on his own credit and without reference to the security offered by the statute, no lien exists. Authorities, *supra.*—15 Am. & Eng. Encyc. of Law, pp. 40–1. But there was evidence here from which the jury might have inferred that some of the material furnished by plaintiff was so furnished for the purpose of being used in the erection of this particular building, and there being no negation of an intention on the part of the material-man to look to this property for payment, if necessary, the law presumes the existence of such intention.  The charge would probably

[Thorn v. Kemp.]

have led the jury away from a consideration of this evidence.

11. We find no evidence in this record which either directly or through legitimate inference tends to show that when the two car loads of brick first ordered were delivered to the contractors the plaintiff had any knowledge whatever that they were to be used in the building of the house now, with the lot on which it is situated, sought to be subjected. There is nothing therefore from which the jury could have concluded, if they believed all the evidence, that the plaintiff supplied this material to be used and for the purpose of its being used in this building or even that such use was contemplated by or in the minds of the parties of either of them. Charges 4 and 6 requested by defendants should therefore have been given.

It is apparent from what has already been said that charges 7 and 8 requested by defendant were, to say the least, misleading when referred to the evidence. They were properly refused.

The judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.