# Long v. Pocahontas Coal Co.

*Bill in Equity to Enforce a Material-man's Lien.*

1. *Material-man's lien; statutory requirements must be strictly followed.*—The lien in favor of mechanics and material-men being purely of statutory origin, its creation and establishment depends upon a substantial compliance with all the requirements of the statute.

[Long v. Pocahontas Coal·Co.]

2. *Same; same.*—An essential prerequisite for the creation and establishment of mechanics' and material-men's liens is the filing in the office of the judge of probate of the county in which the property, on which the lien is sought to be established is situated, a statement in writing, verified by the oath of claimant, or of some other person having knowledge of the facts, containing a just and true account of the demand secured by liens, after all just credits have been given, a description of the property on which the lien is claimed, and the name of the owner or proprietor thereof, and when a lien is claimed by one who has furnished materials used in the building or improvements, the verified statement must be filed within four months from the time the indebtedness therefor accrued; and the failure to comply with any one of these requirements is fatal to the perfecting of the lien.

3. *Same; sufficiency of verification of statement of claim.*—Where a statement filed by a material-man in the office of the judge of probate to perfect his lien, as required by the statute, is verified by one of the claimants, who makes oath that the foregoing statement is true to the best of his knowledge and belief, such verification is insufficient, and the defect therein prevents the creation and establishment of a lien.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

The appellants, J. J. Long and C. D. Long, filed the present bill against the appellees; and sought to enforce a material man's lien for lumber obtained from the complainants and used by the Pocahontas Coal Company in improving their land in erecting buildings thereon. The contract for the material purchased from the complainants was made by Phillips & Wiggs Machinery Company, through its president, who represented to complainants that his company owned the Pocahontas Coal Company.

Upon the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed for, and ordered their bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

NORVELL & SMITH, for appellants.—Where certain language is prescribed by statute, a substantial compliance therewith will suffice.—1 Encyc. of Pleading & Practice, 321; *Large v. Keens & Co.*, 95 Amer. Dec. 696.

The certificate is no part of the affidavit, but the *prima*

*facie* evidence that it is the affidavit of the person by whom it purports to have been made.—*Hargadine v. Van Horn*, 72 Mo. 371.

WHITE & HOWZE, *contra.*—The affidavit in this case made upon filing of the statement in the probate office was made by the claimant and is based upon his knowledge and belief, or as stated therein "to the best of his knowledge and belief." This form of affidavit has been repeatedly held by this court to be insufficient.—*Florence &c. Co. v. Schall*, 107 Ala. 531 ; *Globe &c. Co. v. Thacher*, 87 Ala. 458.

A proper affidavit is absolutely necessary. Liens of this character are dependent for their validity upon a strict compliance with the provisions of the statute. *McConnell v. Meridian S. & B. Factory*, 112 Ala. 582.

BRICKELL, C. J.—The lien in favor of mechanics, contractors and material-men for work done or materials furnished for any building or improvement on land, is purely of statutory origin, and its creation, therefore, depends upon a compliance, in all matters of substance, with the provisions of the statute to which it owes its existence.—*Chandler v. Hanna*, 73 Ala. 393. An essential prerequisite of the statute is that the person entitled to the lien shall, within a specified time, "file in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated, a statement in writing, verified by the oath of the claimant, or some other person having knowledge of the facts, containing a just and true account of the demand secured by the lien, after all just credits have been given, a description of the property on which the lien is claimed, and the name of the owner or proprietor thereof."—Acts, 1894-95, p. 1238 ; § 2727, Code, 1896. When the lien is claimed by one who has furnished materials used in the building or improvements, the verified statement must be filed within four months from the time the indebtedness therefor accrued. The evidence presented in the record fails to show that these preliminary requirements were complied with. The bill alleges that on September 30, 1896, a verified statement of the account was filed in the office of the probate judge of Walker county ; and a copy of the statement is attached

as an exhibit to the bill, from which it appears that the last item of the account was furnished on April 18, 1896, and that the statement was sworn to on September 30, 1896, before the probate judge of Walker county by C. D. Long, one of the complainants, who had made oath that "the foregoing statement is true to the best of his knowledge and belief." This allegation of the bill was denied by the answer, and it, therefore, became necessary for complainants to prove the allegation. But it nowhere appears, either from the indorsements on the exhibit or from the evidence, that the statement was ever filed in the office of the probate judge. Hence the lien which the bill seeks to enforce never had any existence. If it was in fact filed, it clearly appears that the filing was too late to create and perfect the lien sought to be established; the evidence showing that the whole account became due on April 18, 1896, while the filing was not earlier than September 30, 1896—more than four months from the time the indebtedness accrued. Moreover, the affidavit attached to the statement, as shown by the exhibit to the bill, affirming that the statement was true to the best of the affiant's knowledge and belief, was an insufficient verification of the statement, according to all the former decisions of this court, and the defect was fatal to the perfection of the lien.—*Globe Iron Roofing & Cor. Co. v. Thacher*, 87 Ala. 458; *Florence B. & I. Asso. v. Schall*, 107 Ala. 534. The verification is unlike that considered and held sufficient in *Leftwich Lumber Co. v. Florence Mut. B. & L. Asso.*, 104 Ala. 594, in that, in the latter case, the affidavit affirmed that affiant had personal knowledge of the facts contained in the statement, and that they were true to the best of his knowledge and belief. These words were held sufficient to show that the affidavit was based on personal knowledge, and not partly on knowledge and partly on belief. If the verification is sufficient in form, although false, its falsity can not prevent the creation of the lien, although proof of the falsity of statement may defeat its enforcement. If, however, it is insufficient in form, as where it appears on its face not to be based on personal knowledge of the affiant, the fact, shown by evidence on the trial of a cause for the enforcement of the lien, that affiant did have personal knowledge of the correctness of the statement, can not cure the defect and authorize

the enforcement of the lien, since by reason of the defect the lien never had any existence. In view of the fact that the evidence fails to show a compliance with those requirements of the statute, a compliance with which is essential to the creation of the lien, it is unnecessary to consider whether the circumstances under which the materials were furnished to the Phillips & Wiggs Machinery Co. on its credit, were such as, under the statute, entitled complainants to a lien on the land now owned by the Pocahontas Coal Co., or by its assignee in trust for its creditors.

The decree of the chancellor must be affirmed.

