# McGeever *v.* Harris and Sons.

*Mechanic or Material Man's Lien.*

(Decided April 10, 1906. 41 So. Rep. 930.)

1. *Mechanic's Lien; Action to Enforce; Complaint; Sufficiency.*—
   It is not necessary that the facts recited in the statement filed in the office of the judge of probate to perfect the lien, should be alleged in detail in the complaint; it is sufficient to allege that plaintiffs were entitled to a lien on the described property by virtue of a contract for materials furnished and work

[McGeever v. Harris and Sons.]

done on the property, and that a verified statement of the lien was filed in the office of the judge of probate on a certain day and within the period prescribed by the statute, and that it was verified by the oath of one of the plaintiffs.

2. *Principal and Agent; Action against Principal; Allegation of Agency.*—Where the complaint in an action to enforce a Mechanic's lien alleges that the sum claimed is due for materials furnished and work done in accordance with a contract between plaintiffs and defendant through and by her husband, it sufficiently alleges that defendant's husband was her authorized agent.

3. *Mechanic's Lien; Statement of Lien; Verification.*—Where the lien was claimed by a partnership and the verification was made by the oath of one of the partners, such verification was sufficient, although it did not contain an averment that such partner had knowledge or the facts, § 2727, Code 1896.

4. *Same; Judgment; Form; In rem and In personam.*—In an action to establish a lieu where the evidence shows not only that plaintiff is entitled to a lien, but also a personal liability on the part of defendant, a judgment should be rendered *in rem* and *in personam*, under the express provision of § 2739, Code, 1896.

5. *Courts; Supreme Court; Appeal; Rendition of Judgment.*—The act establishing the city court of Birmingham (Acts 1888-89, p. 998 amendatory of the same) makes it the duty of this court on appeal to review the judgments and conclusions of the city court on the evidence, and to render such judgment as should have been rendered, if any error appears.

6. *Mechanic's Lien; Liability of Owner; Knowledge of Improvements.*—Under § 2723, Code 1896 where one permits or consents to improvements being made on his property with knowledge of the fact that they are being made under a contract with the agent, those making such improvements have a mechanic's lien therefor. But in the absence of proof of personal liability on the part of the defendant, the judgment should be one *in rem* and not *in personam.*

7. *Appeal; Review; Finding by Court.*—Where the finding are by the trial court sitting in a jury, they will not be disturbed on appeal unless clearly erroneous.

APPEAL from Birmingham City Court.

Heard before HON. C. W. FERGUSON.

This is an action begun by a partnership composed of S. H. Harrison & Son against Clara McGeever to enforce a vendor's lien under a contract made with the

husband of the defendant.   The pleadings and the facts sufficiently appear in the opinion of the court.

JOHN H. MILLER, for appellant.—This is an action by a firm in the firm name and the firm could not possibly verify the lien statement, so that it was necessary that the verification should be by "some other person having knowledge of the facts."—*Globe I. R. & C. Co. v. Thatcher*, 87 Ala. 458; *Florence B. & L. Asso. v. Shaw*, 107 Ala. 539; *McConnell v. Meridian*, 112 Ala. 582.

Where material and labor are furnished to the husband purchased and contracted for by him, in his own name, and not as agent for the wife, and such material is used in improving the wife's property, no lien is created on the property.—*Hawkins Lbr. Co. v. Brown*, 100 Ala. 217; *Wadsworth v. Brown*, 88 Ala. 500.   The evidence showed that appellees were only sub-contractors and failed to show notice of ten days given to the owner before the filing of the lien, nor was the original contractor made a party.—*Ried v. Scott*, 30 Ala. 640; *Isbell v. Lewis*, 98 Ala. 550; *Phillips v. American Brewing Co.*, 110 Ala. 521; *Hopkins v. Orr*, 124 Ala. 570.

W. E. MARTIN, for appellee.—No brief came to the reporter.

Tyson, J.—The first assignment of demurrer to the complaint before and after amendment was general, and therefore properly overruled.   The second proceeds upon the theory that this action is by a subcontractor, and therefore the plaintiffs should have given the defendant, as owner, before filing their statement in the office of the judge of probate for the purpose of perfecting a lien under the statute, 10 days' notice in writing, etc.—Acts 1900-01, p. 2115 et seq.   This ground is clearly not well taken, since it appears from the averments of the complaint that the materials furnished, etc., were in pursuance of a contract entered into between plaintiff and defendant; thus showing that they were original contractors.   The averments of the complaint as amended are likewise sufficient with respect to the nature, character, and legal sufficiency of the statement filed in the

office of the judge of probate. It is not necessary that the facts recited in that statement should be alleged in detail. The complaint alleged that plaintiffs are entitled to a lien upon a certain described house and lot by virtue of a certain alleged contract for materials furnished and work done upon the house and lot described, that a verified statement of the lien was filed in the office of the judge of probate of Jefferson county on a certain day within the period prescribed by the statute, and that it was verified by the oath of one of the plaintiffs. This is all that good pleading requires.

It is next insisted that the complaint is defective, in that it is not averred that defendant's husband was her authorized agent to bind her personally in the making of the contract with plaintiffs, and therefore a judgment in personam cannot be rendered against her upon the complaint. The averment is that the sum claimed is due "for materials furnished and work and labor done in pursuance of a contract entered into by and between plaintiffs and defendant. through and by her husband." This language *ex vi termini,* includes the affirmation of an authorization on the part of the husband to make the contract for her. For it is not perceivable how there could be, as averred, a contract between the parties, which must be taken as true as against the demurrer, unless the husband was authorized to represent the defendant in the making of it.

The next point pressed upon our consideration is that the court erred in refusing to exclude the statement filed in the office of the judge of probate, which was offered in evidence by the plaintiffs. The legal sufficiency of the statement is assailed alone upon the ground that it is not verified as required by the statute. It is undoubtedly true that the requisites of the statute, with respect to the verification of the statement, must be strictly complied with.—*McConnell v. Meridian S. & B. Factory,* 112 Ala. 582, 20 South. 929, and case there cited. The language of this requirement, as found in the statute, is in these words: "A statement in writing, verified by the oath of the person claiming the lien or by some other person having knowledeg of the facts." The statement allowed in evidence shows that the firm of S. H. Harris

& Sons, a partnership composed of S. H. Harris, S. H. Harris, Jr., and T. H. Harris, who are the plaintiffs in the case, claimed a lien upon the property described in it, being the same property described in the complaint, and that it is verified by the oath of S. H. Harris, a member of the partnership, but does not contain the statement that he has a knowledge of the facts. It is on account of this omission that the objection to its legal sufficiency is predicated. S. H. Harris being one of the persons claiming the lien, the verification is clearly sufficient. It is only when the verification is by the oath of some other person not claiming the lien that it must contain the statement that the affiant has a knowledge of the facts. This is the plain import of the language of the statute. It follows, therefore, that the ruling of the court was correct.

The case was tried by the presiding judge without the intervention of a jury, and, under the act creating the court from which this appeal is prosecuted, it is made our duty to review the conclusion and judgment of the court upon the evidence, and, if error intervened, to render such judgment as the trial court should have rendered.—Acts 1888-89, p. 998. The judgment appealed from is in personam and in rem. This was entirely proper, provided the evidence sustained the findings of a personal liability on the part of the defendant and that plaintiffs have a lien upon the property sought to be subjected.—Section 2739 o fthe Code of 1896. There was no evidence whatever that defendant was personally bound by the contract which the plaintiffs made with her husband. He is not shown to have ever undertaken to make the contract declared on for her. On the contrary, the evidence establishes, without dispute and beyond all adverse inferences, that the contract was between plaintiffs and her husband, and solely on his credit. The judgment, therefore, is clearly incorrect as one in personam.

As to whether it is correct as a judgment in rem depends upon the weight of the testimony, which was clearly in conflict. That on the part of the plaintiffs tends to show that the contract with the husband was made

before the material was furnished and the labor performed by them, with a knowledge and consent on the part of defendant that the materials were being furnished and the labor performed for the improvement of her house and lot; while the testimony on the part of the defendant tended to show the contrary. If it be true that defendant had knowledge of the fact that the improvements were being made by plaintiffs upon her house under a contract with her husband, and consented to their being made, the plaintiff have a lien upon her house and lot. Such lien is expressly declared by section 11 of the act (page 998), which changes the provision of the Code in this respect. The case of *Hawkins Lumber Co. v. Brown,* 100 Ala. 217, 14 South. 110, and other like cases, arose under the Code, and therefore have no application. Whether she was chargeable with such knowledge and consent, under the testimony, was a question of fact to be determined by the trial judge sitting as a jury, and his findings in this respect will not be disturbed unless plainly erroneous.—*Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720; *Callahan v. Nelson,* 128 Ala. 676, 29 South. 555. We are unwilling to affirm that his findings were erroneous. If it be conceded that the contract, alleged as being one with defendant, is different from the one proven, this is not insisted upon here.

It follows, therefore, from what we have said, that the judgment appealed from must be corrected, so as to adjudge that the plaintiffs are entitled only to subject the property of defendant to the satisfaction of their lien.

Corrected and affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.