# Gurganus v. Brown.

## *Conversion.*

(Decided November 20, 1913. 63 South. 537.)

1. *Pleading; Construction.*—All reasonable intendments are indulged against the pleader when the sufficiency of the plea is tested by demurrer.

2. *Animus; Taking Up; Ordinance; Pleading.*—Where the action was for the conversion of hogs and defendant set up an ordinance against their running at large empowering him as marshal to take up and confine them and within forty-eight hours thereafter to notify the owner, and where the owner did not appear within twenty-four hours, to sell them on five days' notice, but the plea did not aver any notice to the owner, it was insufficient under the rule that pleadings asserting a right created by penal ordinance should allege every fact necessary to show its proper enforcement.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by W. H. Gurganus against Porter Brown for the wrongful taking of two hogs. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Plea 4 is as follows:

"For further answer to the second count of the complaint, defendant says that the hogs described in the complaint were taken up while running at large in the town of Cordova, and were confined in a pen and advertised and sold by defendant acting as marshal of the town of Cordova, Ala., under and by virtue of and in accordance with the provisions of a certain valid ordinance at the time in force in said town of Cordova, which said ordinance was passed by the board of mayor and aldermen of said town on the 6th day of November, 1905, in words and figures as follows:

"An ordinance to prohibit hogs from running at large in the town of Cordova, Ala.

" 'Section 1. Be it ordained by the mayor and alder-men of Cordova that from and after the 1st day of January, 1906, it shall be unlawful for owners of hogs to allow same to run at large in the town of Cordova, Ala.

" 'Sec. 2. Be it further ordained that the marshal of the town of Cordova is hereby authorized, empowered, and directed to take up any and all hogs found running at large in the said town of Cordova, and confine such hog or hogs within a pen to be provided therefor. It shall be the duty of such marshal, within forty-eight hours after taking up any hog or hogs, to notify the owner thereof, either in person or by leaving written notice at his or her place of residence, or, if such owner is unknown, then the marshal shall make affidavit of such fact before the mayor of the town of Cordova, with-in the time prescribed above for such notice to owner, and in either event, if the owner does not appear and pay the costs hereinafter provided for within twenty-four hours after such notice to such owner thereof, or after making such affidavit as to owner unknown, then such marshal is authorized, empowered, and directed to sell such hog or hogs to the highest bidder for cash at the pen wherein such hog or hogs may be confined, after giving five days' notice by posting three written notices in public places in the town of Cordova, such notices to describe such hog or hogs, giving marks, if there be any. The proceeds of such sale shall be applied, first, to the payment of the fees hereinafter provided for, and, second, if there be a remainder, to be paid to the owner of the hog or hogs, if such owner be known. If such owner be not known, then such remainder to be paid into the treasury of the town of Cordova.

" 'Sec. 3. Be it further ordained that the said marshal shall be entitled to a fee of fifty cents for taking up each hog under six months old, and one dollar for

[Gurganus v. Brown.]

taking up any hog over six months old, and the same amounts in case of a sale thereof, and all expenses of keeping such hogs.' "

The demurrers raise the question that the ordinance is a penal ordinance, and that the plea fails to disclose a compliance with its terms, and sets out the specifications wherein it fails to show such compliance.

RAY & COONER, for appellant. If the sale was unauthorized by law under the facts set up in plea 4 and in evidence, plaintiff was entitled to recover.—*Barwick v. Rackley,* 46 Ala. 402; *McConeghy v. McCaw,* 31 Ala. 477; 38 Cyc. 2026. The burden was on defendant to show that the ordinance had been strictly complied with. *Ryall v. Smith,* 138 Ala. 145; *Ryall v. Epps,* 122 Ala. 662; *McCrossin v. Davis,* 100 Ala. 631. Under these authorities, the failure of the plea to show notice was fatally defective.—1 Dillon secs. 339, 345, 348.

L. D. GRAY, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—In the case of *Ryall v. Epps,* 122 Ala. 662, 26 South. 1033, a suit was brought in trover by Ryall against Epps to recover damages for the conversion by the defendant of some cattle. The defendant claimed that he did not convert the cattle, because he had bought them at a poundkeeper's sale. A local act of the Legislature, passed for the purpose of preventing stock from running at large in Marengo county, authorized the impounding of cattle found running at large, and provided a method for the sale of such cattle. The sale at which Epps bought was had under that act. In that case this court said: "On this appeal the court holds that, where title was claimed

through an impounding under the statute establishing a district in which stock is not allowed to run at large, the burden is on him who claims under such title to show affirmatively that such statute has been strictly complied with."

In the instant case plea 4, which the reporter will set out, shows that title to the stock was claimed by the defendant through an impounding under an ordinance, and, while the plea sets out the ordinance, it does not allege that notice was given to the owner of the impounding of his stock, as required by the ordinance. It must be remembered that, when the sufficiency of a plea is tested on demurrer, all reasonable intendments are indulged against the pleader. In this case we direct attention to the fact that plea 4 avers that the animals were confined in a "pen, advertised and sold by the defendant acting as marshal," etc., "under and by virtue of and in accordance with the provisions of" the ordinance which is set out in the plea.

This court might be justified, in order that it might uphold the action of the trial court in overruling the demurrer to the plea, in holding that, as the plea averred that the animals were confined in a "pen, advertised and sold," etc., in accordance with the provisions of the ordinance, the plea sufficiently averred that the pen in which the hogs were confined was a pen "provided therefor" by the town of Cordova as required by the ordinance, and that five days' notice of the sale was given as required by said ordinance. But this plea nowhere says anything about notice to the owner, and the ordiance expressly requires that notice shall be given to the owner "within forty-eight hours after taking up any hogs," etc.

The right which the defendant set up as a defense to this action was a right claimed under a penal ordi-

nance, and such ordinances are always to be strictly construed against the party asserting rights under them, and it is a familiar rule of pleading that pleadings which seek to enforce a right created by statute should allege every fact necessary to show that the right is enforceable.

"In actions by which it is sought to declare and enforce the lien given by statute to mechanics, materialmen, and the like, every fact necessary to the creation of the lien must be alleged and proved. This is the general rule of pleading which is applied with much strictness to this class of actions."—*Cook v. Rome Brick Co.,* 98 Ala. 409, 12 South. 918.

Under the above-quoted rule, which, under the decision of this court in *Ryall v. Epps, supra,* is applicable to the instant case, the above plea 4, tested on demurrer, was not sufficient, and the trial court committed reversible error in overruling the demurrer to the plea.

There are numerous other assignments of error; but the questions presented by them may not occur on the next trial of this case.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.