[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 888 
This is an appeal from an order of the Circuit Court of Mobile County granting summary judgment in favor of R. T. Construction Co., Inc., against defendants Knapp and Harper. Defendants Knapp and Harper appeal.
Plaintiff, Aluminum Corporation of America (ALCOA) commenced this action by filing a complaint for interpleader on June 20, 1976. Conflicting claims were asserted against the fund deposited in court by the plaintiff.
Defendant, Harper Construction Co. (Harper) and Knapp Contracting, Inc. (Knapp), asserted materialman's liens by way of counterclaim against the fund. Defendant, R. T. Construction Co. (RT) claimed to be the assignee of J. C. Trucking and Excavating Company (JC) and thus asserted it had a paramount right to the interpled funds. Each of these defendants moved for summary judgment against the others. The trial court, as noted above, granted summary judgment against defendants Knapp and Harper and in favor of RT.
Defendants Harper and Knapp each individually appeal contending that the trial court erred in granting summary judgment against them. Each asserts that it has a valid materialman's lien.
The dispositive issue before us is whether the trial court improvidently granted summary judgment. We hold that in the case of Harper, there was no error. However, we find that defendant Knapp, in its counterclaim, stated a valid claim for a materialman's lien.
The record before us reveals the following: The plaintiff is the record titleholder of realty known as North Mud Lake located on Blakely Island in Mobile County. Pursuant to an agreement between plaintiff and defendant JC, the plaintiff sought to improve this land and agreed to pay JC, as general contractor, for constructing the improvements. JC commenced construction and in May, 1976, plaintiff owed JC an unpaid balance of approximately $7,300 for work which JC had completed.
Defendant-Harper, a subcontractor of defendant JC agreed to furnish trucks and drivers to JC to haul soil to the plaintiff's property. According to Harper's affidavit which accompanied its motion for summary judgment, Harper furnished this equipment and labor until March 19, 1976, and as of that date, was owed some $6,500 by JC. On April 15, 1976, Harper filed a statement of lien claim against the plaintiff's property in the Probate Court of Mobile County. After plaintiff filed its interpleader action, Harper, on August 9, 1976, asserted a counterclaim against the fund claiming a materialman's lien under Code of Ala. 1975, § 35-11-210 et seq.
The record further indicates that defendant-Knapp furnished fill dirt and rented earth moving equipment to JC pursuant to JC's contract with plaintiff. As of May 31, 1976, there was due and owing approximately $5,300 by JC to Knapp. On May 27, 1976, Knapp sent written notice to plaintiff of its intent to claim a lien on plaintiff's property by virtue of nonpayment of the debt. In June, 1976, Knapp filed its claim of lien in the appropriate records of probate court. Subsequently, on October 26, 1976, Knapp asserted its counterclaim for a lien against the fund.
As noted above, defendant-RT claims to be the assignee of the unpaid balance due from plaintiff to JC. Accordingly, when defendants Harper and Knapp asserted their statutory lien claims, RT moved for summary judgment against both, contending that neither had complied with the lien provisions set out in the Alabama Code. *Page 889 
JC, its trustee in bankruptcy, Harper and Knapp each in turn moved for summary judgment against the others and against RT as well.
Specifically, and with respect to the defendants on this appeal, these motions contended that Harper had failed, among other things, to give plaintiff notice of its intent to claim a lien prior to filing its lien statement in probate court as it was required to do under § 35-11-218. As regards Knapp's claim, the motions asserted that Knapp had failed, pursuant to §35-11-221, to timely file suit to enforce its lien within the six months after JC's debt to it matured. In addition, the motions asserted that Knapp had failed to file a verified lien statement in probate court which conformed to the substantive requisites set forth in § 35-11-213. Upon the trial court's decree rendering summary judgment against Harper and Knapp, this appeal was taken by each.
Prior to discussing the relevant provisions of Alabama's materialman's lien statute, we note that we are reviewing the record before us to determine whether the trial court erred in granting summary judgment. Consequently, we review the record absent the presumption of correctness which attends the trial court's decree when that court has taken the evidence oretenus. See, e.g., Spry Funeral Homes, Inc. v. Deaton, Ala.Civ.App., 363 So.2d 786 (1978).
With regard to the relevant provisions of Alabama's materialman's lien statute, we note that there are several conditions set forth in Code of Ala. 1975, §§ 35-11-210, 213, 218, and 221, each of which must be satisfied in order for the lien to be perfected. Hartford Acc. Indem. Co., Inc. v.American Country Clubs, Inc., Ala., 353 So.2d 1147 (1977). Where, as here, the claimant is a supplier other than an original contractor, he must fulfill three primary conditions to perfect his lien. The supplier must give the owner written notice of his intent to claim a lien on the owner's property pursuant to § 35-11-218. After giving this notice, § 35-11-213
specifies that the claimant must file a verified statement in the appropriate records of probate court claiming the lien. After satisfying the notice and filing requirements, the claimant must bring an action to enforce the lien within six months after the debt has matured pursuant to § 35-11-221.
Given these general rules, we discuss each of the contentions raised on this appeal as they relate to the statutory framework.
 I NOTICE
The record reveals that defendant-Harper failed to give plaintiff written notice of its intent to claim a lien prior or subsequent to filing its lien statement in probate court.
Harper contends, however, that under § 35-11-218, the notice provisions were satisfied because plaintiff's suit for interpleader acknowledged Harper's potential claim for a lien and thus notice would have been a futile act. Further, Harper contends that even if this is not so, when it asserted its counterclaim to the fund, this was sufficient notice to plaintiff in that the complaint contained all the substantive information mandated by § 35-11-218's notice provisions. We agree with neither of these contentions.
Section 35-11-218 specifies in pertinent part:
 "Every person . . . who may wish to avail himself of the provisions of this division, shall before filing his statement in the office of the judge of probate, give notice in writing to the owner . . .
that he claims a lien . . . setting forth the amount . . . for what, and from whom it is owing; and after such notice, any unpaid balance in the hands of the owner . . . shall be held subject to such lien. . . ." (Emphasis supplied.)
The purpose of this notice provision is to protect the owner.Gray v. McKinley, 34 Ala. App. 630, 43 So.2d 421, cert. denied,253 Ala. 199, 43 So.2d 424 (1949). This is so because the owner has a vital interest in removing potential liens on his title. As the court in Fowler v. Mackentepe, *Page 890 233 Ala. 458, 460, 172 So. 266, 267 (1937), stated:
 "It is further declared that, when a statutory lien is provided in derogation of the common law, it is looked upon with jealousy, is strictly construed, and there must be compliance in all matters of substance. This rule is necessary to protect the debtor and his property against unlawful expense, embarrassment, or impositions. . . ." (Citations omitted.)
The notice provisions are designed to inform the owner that the claimant intends to place an encumbrance upon the owner's land and thus the provisions ensure the owner an opportunity to effect a settlement between himself, his builder, and the supplier prior to any such encumbrancing.
In order for the section to retain its vitality and achieve its intended purpose, our cases hold that compliance with its provisions is mandatory. McClesky v. Finney, 272 Ala. 194,130 So.2d 183 (1961).
Applying this reasoning to the instant case, we note that Harper has failed to give plaintiff notice of its intent to claim a lien. J C's debt to Harper matured in March, 1976, and Harper filed its claim in probate court on April 15, 1976. Clearly, Harper could have given notice prior to the institution of plaintiff's interpleader on June 20, 1976, without such being a futile act. Harper apparently relied upon the vigilance of plaintiff to detect the potential cloud on plaintiff's property, and in this, Harper erred. The fact that plaintiff subsequently acquired actual knowledge of defendant's claim and named Harper as a defendant in its interpleader action does not ameliorate Harper's burden to give plaintiff notice in the first instance.
Furthermore, we disagree with Harper's contention that sufficient notice was given plaintiff when Harper counterclaimed against the fund deposited in court. The filing of a complaint is not notice within the requirements of §35-11-218 for the reasoning set forth above. In addition, the notice contemplated by § 35-11-218 is one indicating the supplier's intent to claim a lien, whereas the filing of a complaint is not notice of intent, but is an outright claim to enforce the lien. In addition, the right to enforce the lien assumes that the claimant has complied with all the statutory conditions precedent, one of which is compliance with the notice provisions. McClesky, supra. Thus, in this instance, it cannot be said that there can be compliance with § 35-11-218's notice provisions by filing a counterclaim.
Because we hold that defendant-Harper failed to comply with the mandates of § 35-11-218, we find it unnecessary to discuss the other alleged errors asserted by this defendant as grounds to reverse the court below. Accordingly, we find no error in the trial court's action with respect to this defendant.
 II VERIFIED LIEN STATEMENT
Initially, we note that, contrary to the action of the defendant-Harper, defendant-Knapp timely gave plaintiff notice of its intent to claim a lien pursuant to § 35-11-218. However, Knapp is faced with the allegation that it failed to comply with the substantive provisions of § 35-11-213 in that its verified lien statement was defective because it failed to allege that the facts contained therein were made on the affiant's personal knowledge. Additionally, it is contended that Knapp's suit was barred by the six-month limitation period delineated in § 35-11-221. We discuss each of these contentions in turn.
The verified statement which Knapp filed in the records of probate court reads in part as follows:
 "Before me, the undersigned authority, personally appeared George D. Knapp, who being duly sworn both depose and say:
 "That he is the President of George D. Knapp Contracting, Inc., that he is informed and believes and upon such information and belief says that the facts set forth in the foregoing statement of lien, are true and correct to the best of his knowledge and belief." (Emphasis supplied.) *Page 891 
Knapp contends that this statement is in substantial compliance with the requisites set forth in § 35-11-213 and that its failure to allege personal knowledge in this instance is not fatal. We agree with defendant-Knapp for the reasons which follow.
Section 35-11-213 provides in pertinent part:
 "It shall be the duty of every person entitled to such lien to file in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated, a statement in writing, verified by the oath of the person claiming the lien, or of some other person having knowledge of the facts, containing the amount of the demand . . . a description of the property . . . and the name of the owner. . . . Unless such statement is so filed the lien shall be lost. Said verified statement may be in the following form, which shall be deemed sufficient: . . ." (Emphasis supplied.)
The express language of the section provides that the statement to be filed must be "verified by oath of the person claiming the lien, or of some other person having knowledge of the facts." Clearly there are two classes of affiants contemplated by the statute, i.e., claimants, or others having knowledge of the facts. McGeever v. S.H. Harris Sons,148 Ala. 503, 41 So. 930 (1906).
In the instant case, the claimant is not the affiant; its affiant is one having knowledge of the facts. Our early decisions held that personal knowledge had to have been alleged by affiants in the second category in order for the statement to be valid. See, e.g., McGeever, supra; Globe Iron Roofing Corrugating Co. v. Thatcher, 87 Ala. 458, 6 So. 366 (1888). Accordingly, verified statements which contained the language that "the facts as stated were true to the best of the affiant's knowledge and belief" were insufficient. See, e.g.,Long v. Pocahontas Coal Co., 117 Ala. 587, 23 So. 526 (1898);Florence Bldg. Inv. Ass'n v. Schall, 107 Ala. 531, 18 So. 108
(1895); Globe Iron, supra. See also Leftwich Lumber Co. v.Florence Mut. Bldg., Loan Savings Ass'n, 104 Ala. 584,18 So. 48 (1894).
This court recognizes the holdings in these early cases. However, we also recognize that the statute itself does not require an allegation of personal knowledge by either of the two classes of affiants; it merely requires that the claimant or some other person with knowledge of the facts verify the statement on oath. Cook v. Rome Brick Co., 98 Ala. 409,12 So. 918 (1893). Additionally, the Cook case appears to be in conflict with the cases noted above. See, e.g., Globe Iron;Pocahontas Coal; Schall; Leftwich; and McGeever, supra.
In Cook, supra, the claimant was the brick company and its affiant was apparently an officer or employee. The court held the verified statement in that case was sufficient notwithstanding the contention that the affiant had failed to allege that the facts contained in the statement were made upon personal knowledge. The court's holding was premised on a finding that the express language of the statute did not require such an allegation. In so holding the court stated:
 "The statute requires that the statement to be filed in the office of the probate judge shall be `verified by the oath of the claimant, or some other person having knowledge of the facts,' but it is not provided, where the verification is made by a person other than the claimant, that the statement shall affirm that such person had knowledge of the facts. On the contrary, the necessary contents of the statement are specified and the affirmation of this fact is not set down as essential. The present statement follows the statute in this respect and is sufficient, the prima facie presumption being that one who deposes to certain facts has knowledge of their existence. . . ." 98 Ala. at 414, 12 So. at 919. (Emphasis supplied.)
Although we recognize there is some apparent authority to the contrary, we are of the opinion that the reasoning in Cook,supra, is controlling in this instance. Thus, *Page 892 
applying the rule to the verified statement in question, it is clear that Knapp's statement is legally sufficient.
Even assuming, without so finding, that Cook, supra, does not control this case, we would hold that under the theory of substantial compliance, Knapp's statement is sufficient. The courts of this state have gone to some lengths to jettison the theory of strict technical compliance with the statute to a more reasoned test, i.e., one of substantial compliance. See,e.g., Bolton v. Barnett Lumber Supply Co., 267 Ala. 74,100 So.2d 9 (1958); Thomasson v. Benson Hardware Co., 222 Ala. 176,131 So. 563 (1930). The record reveals that Knapp's verified statement set forth the amount of the demand, a description of the property, and the name of the owner thereof, all of which is required by the statute. In view of the fact that the purpose of the filing requirement is to place the owner's creditors and prospective purchasers on notice that a lien is claimed on the property, Fowler v. Mackentepe, supra, substantial compliance results where the information contained in the statement reasonably constitutes notice. Where, as here, third party purchasers and creditors have notice upon examining the records of probate court that a lien is pending against the property, the notice purposes of the statute are subserved and the statement is legally sufficient.
To further substantiate what we have said, we note that there is a model verified lien statement form provided for practitioners which immediately follows the text of §35-11-213. This statutory form in essence states that the affiant has personal knowledge of the facts contained in the notarized statement and that they are true to the best of his knowledge and belief, all of which is verified on oath.
In the instant notarized statement set forth above, the affiant, president of the defendant, stated that he was informed and believed, and upon such information stated that the facts set forth in the statement were true and correct to the best of his knowledge and belief, all of which was verified on oath. We believe this form to be sufficient because the specific language of the section does not mandate that the form supplied in the code be used; it merely states that the statutory form may be used, and if used, it is sufficient. Thus, another form of statement may suffice if it is in substantial compliance with the remaining language of the section. As we noted above, Knapp's statement contained all the requisite information to constitute notice to third persons, and thus we find the verified statement is legally sufficient.
For the reasons noted above, we hold that the trial court erred in rendering summary judgment against defendant Knapp on the basis that the verified statement, in this instance, did not technically comply with the statute.
 III STATUTE OF LIMITATIONS
Defendant-Knapp also maintains that summary judgment should not have been granted against it on the basis that its claim was barred by the six-month statute of limitations set out in §35-11-221. We agree with this contention.
Section 35-11-221 provides as follows:
 "Any action for the enforcement of the lien declared in this division must be commenced within six months after the maturity of the entire indebtedness secured thereby, except as otherwise provided in this division." (Emphasis supplied.)
The record indicates that J C's entire indebtedness to Knapp accrued on May 31, 1976, and thus the six-month limitation began to run at this time. The record further shows that on October 26, 1976, in response to plaintiff's interpleader action, Knapp asserted an action to enforce its lien by counterclaim to the fund which had been deposited in court. Knapp's assertion of its counterclaim was within the six-month period and thus was timely. Given these facts, we hold that summary judgment should not have been granted against defendant-Knapp for this reason. *Page 893 
In view of the foregoing we reverse the court below insofar as it rendered summary judgment against defendant-Knapp, and we affirm its order as against defendant-Harper.
AFFIRMED IN PART; REVERSED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.