EMBRY, Justice
(dissenting):
I respectfully dissent. This is an inter-pleader filed by Aluminum Corporation of America (ALCOA). Conflicting claims were asserted against the fund paid into the trial court by ALCOA.
Harper Construction Co. (Harper) and Knapp Contracting Inc. (Knapp), each filed claims against the deposited fund asserting they had materialmen’s liens. R. & T. Construction (R. & T.) asserted: (1) it was the assignee of J. & C. Trucking and Excavating Co. (J. & C.), and (2) it had a paramount right to the interpleaded funds. Harper, Knapp, and R. & T. each moved for spmma-ry judgment. The trial court granted summary judgment in favor of R. & T. and against Knapp and Harper.
Harper and Knapp appealed to the Court of Civil Appeals, each claiming the trial court erred in granting summary judgment against them. The appellate court held the trial court committed no error in granting summary judgment against Harper, but erred in finding that Knapp did not have a valid materialman’s lien and, thus, erred in granting summary judgment against Knapp. R. & T.’s petition for writ of cer-tiorari to the Court of Civil Appeals was granted in order that this court review the appellate court’s finding that Knapp had a valid materialman’s lien entitling it to a portion of the interpleaded fund.
The sole issue is whether Knapp’s statement of lien was properly verified as required by Code 1975, § 35-11-213. The Court of Civil Appeals held Knapp’s verification was sufficient. I disagree.
The verified statement, the center of this controversy, reads, in pertinent part, as follows:
“Before me, the undersigned authority, personally appeared George D. Knapp, who being duly sworn both depose and, say:
“That he is the President of George D. Knapp Contracting, Inc., that he is informed and believes and upon such information and belief says that the facts set forth in the foregoing statement of lien, are true and correct to the best of his knowledge and belief.” (Emphasis supplied.)
Code 1975, § 35-11-213 states that:
*894 “It shall be the duty of every person entitled to such lien to file in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated, a statement in writing, verified by the oath of the person claiming the lien, or of some other person having knowledge of the facts, * * (Emphasis supplied.)
The quoted language of § 35-11-213 clearly sets up two classes of persons who can verify a materialman’s lien. McGeever v. Harris and Sons, 148 Ala. 503, 41 So. 930 (1906). The first is made up of claimants. The claimant who verifies the lien statement does not have to include a statement that he has knowledge of the facts. McGeever, supra. The second class consists of those other persons having knowledge of the facts. McGeever, supra. The latter must include a statement within their affidavit that they have personal knowledge of the facts. McGeever, supra; Globe Iron Roofing and Corrugating Co. v. Thatcher, 87 Ala. 458, 6 So. 366 (1888); Long v. Pocahontas Coal Co., 117 Ala. 587, 23 So. 526 (1898).
The purpose of requiring a statement that an affiant has personal knowledge of the facts stems from the serious nature and effect of a materialman’s lien. The statutes providing for such liens are in derogation of the common law and must be strictly construed. Hartford Accident & Indemnity v. American Country Clubs, 353 So.2d 1147 (Ala. 1978). Furthermore, a material-man’s or mechanic’s lien is not perfected until every statutory requirement creating the lien has been complied with, and the lien’s enforcement is dependent on full compliance with the technical requirements of the statute. Tucker v. Trussville Convalescent Homes, Inc., 289 Ala. 366, 267 So.2d 438 (1972).
In Globe Iron, supra, this court made it clear that an officer of a corporation must verify the lien statement by stating he has knowledge of the facts embraced in the statement, whether the officer is considered to be the claimant or other person having knowledge of the facts. I would clarify Globe Iron by holding that an officer of a corporation is not a claimant, but is another person having knowledge of the facts as contemplated by § 35-11-213. This is true because the corporation, a separate legal entity, is technically the claimant, not the officer representing that corporation. As a consequence, the statement of lien filed on behalf of the corporation by its officer must contain a statement in the verification that such officer has personal knowledge of the facts embraced within that statement, no matter from what source that personal knowledge was derived. See McGeever, supra.
The Court of Civil Appeals, in reaching its decision, relied heavily on the case of Cook v. Rome Brick Co., 98 Ala. 409, 12 So. 918 (1893). In Cook, this court stated that the statute in question does not require either class of affiants to made an allegation of personal knowledge of the facts, but stated such knowledge was prima facie presumed. The appellate court recognized that Cook was in conflict with the other Alabama cases dealing with this issue. See e. g. McGeever, supra; Pocahontas Coal, supra; Florence Building & Investment Ass’n v. Schall, 107 Ala. 531, 18 So. 108 (1895); Leftwich Lumber Co. v. Florence Mutual Building, Loan & Savings Ass’n, 104 Ala. 584, 18 So. 48 (1894); Globe Iron, supra. That portion of Cook which states that neither class of affiants must allege personal knowledge of the facts embodied in a mate-rialman’s lien statement is erroneous and against the great weight of Alabama authority; hence, I would expressly overrule that particular holding of Cook. It follows that the decision of the Court of Civil Appeals in this ease should be reversed.
BLOODWORTH and FAULKNER, JJ., concur.