ADAMS, Justice.
The sole issue in this case is whether the plaintiff, Jerry Howell, substantially complied with the provisions of § 35-11-213, Code of Alabama 1975, when establishing a lien on certain property of the Firestones. We conclude that he did, and we affirm.
Jerry Howell contracted with Gerald and Joyce Firestone to build a house for them on certain property owned by them in Rainbow City, Alabama. The original contract called for payments totalling $36,000; however, other “extras” raised the price of the house to $41,439.46. The Firestones made payments totalling $28,000, but paid no more on the outstanding balance. Howell then had his attorney, George Hawkins, prepare a lien claim based on the information provided to Hawkins by Howell. Hawkins prepared the lien claim; however, instead of having Howell sign his name, Hawkins signed Howell’s name himself and had his secretary notarize the signature.
Howell later sued the Firestones, seeking a money judgment and requesting the *1114 court to enforce the lien in the event the money judgment was unpaid, and the Fire-stones, in turn, sued Howell, claiming breach of contract and failure to complete the work in a good and workmanlike manner. The two cases were consolidated. At trial, Howell testified that he received a copy of the lien document in the mail after it was filed. He also testified that he had not signed the document. He stated that he was out of town at the time that the lien document was being prepared, but that he had authorized his attorney “to do what needed to be done.” Following the close of Howell’s evidence, the Firestones moved for a directed verdict, which was denied; the jury, thereafter, returned a verdict in favor of Howell on his claim, in the amount of $14,224.17, and in favor of the Fire-stones on their claim, in the amount of $3,000. The Firestones appeal the judgment against them, arguing that their motion for judgment notwithstanding the verdict should have been granted, or, in the alternative, that they should be granted a new trial.
Section 35-11-213, Code of Alabama (1975), states, in pertinent part:
“It shall be the duty of every person entitled to such lien to file in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated, a statement in writing, verified by the oath of the person claiming the lien, or of some o ther person having knowledge of the facts, containing the amount of the demand secured by the lien, after all just credits have been given, a description of the property on which the lien is claimed in such a manner that same may be located or identified, a description by house number, name of street, and name of city or town being a sufficient description where the property is located in a city or town, and the name of the owner or proprietor thereof; but no error in the amount of the demand or in the name of the owner or proprietor, shall affect the lien. Unless such statement is so filed the lien shall be lost....”
Section 35-11-213 (emphasis added). The Firestones contend that the lien is void because Howell did not sign his own signature on the lien. We note that the lien filed by Howell’s attorney follows exactly the format of a “sample” lien in § 35-11-213, and certainly contains sufficient information to place the Firestones, as well as other creditors, on notice of the debt.
In Harper v. J. & C. Trucking & Excavating Co., 374 So.2d 886 (Ala.Civ.App.1978), a question arose regarding whether an affiant had to have personal knowledge of the facts resulting in the lien. The Court of Civil Appeals stated as follows, with regard to that issue:
“The courts of this state have gone to some lengths to jettison the theory of strict technical compliance with the statute [and to apply] a more reasoned test, i.e., one of substantial compliance. See, e.g., Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So. 2d 9 (1958); Thomasson v. Benson Hardware Co., 222 Ala. 176, 131 So. 563 (1930). The record reveals that Knapp's verified statement set forth the amount of the demand, a description of the property, and the name of the owner thereof, all of which [are] required by the statute. In view of the fact that the purpose of the filing requirement is to place the owner’s creditors and prospective purchasers on notice that a lien is claimed on the property, Fowler v. Mackentepe, [233 Ala. 458, 460, 172 So. 266, 267 (1937)], substantial compliance results where the information contained in the statement reasonably constitutes notice. Where, as here, third party purchasers and creditors have notice upon examining the records of the probate court that a lien is pending against the property, the notice purposes of the statute are subserved and the statement is legally sufficient.”
374 So.2d at 892. The issue in the present case is not one involving the personal knowledge of the person verifying the lien; rather, the issue here is whether the lien was itself properly verified. Despite the fact that Howell admitted that the signature on the lien document purporting to be his was not his, we find that the purpose behind the statute, as stated in Harper, *1115 supra, has been substantially complied with; therefore, the judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.